UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INGRID WALKER-HENRY,

        Plaintiff,

v.

        Case No. 24-cv-1563-bhl

HONEST REI LLC and
JEFF CICHOCKI,

        Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

      Plaintiff Ingrid Walker-Henry maintains that Defendants Honest REI LLC and Jeff Cichocki violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, by calling her when her number was listed on the national Do Not Call Registry (DNCR) and failing to provide her with the name of the individual caller, the name of the person or entity on whose behalf the call was being made, and a telephone number or address at which the person or entity could be contacted. (ECF No. 8.) Plaintiff served Defendants on October 16, 2025, but neither has made an appearance in this case. (ECF No. 12.) As a result, on November 21, 2025, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). Walker-Henry now seeks a default judgment under Rule 55(b)(2). (ECF No. 15.) Because the defaulted facts establish Honest REI's violations of the TCPA, the Court will grant the motion as to Honest REI. But because Wisconsin statute protects Cichocki from liability for Honest REI's actions, the Court will deny the motion as to Cichocki.

# FACTUAL BACKGROUND[1]

Walker-Henry is a natural person residing in Milwaukee, Wisconsin. (ECF No. 8 ¶4.) Honest REI is a Wisconsin limited liability company with an unknown domicile,[2] although its principal office and headquarters are apparently in Green Bay, Wisconsin. (*Id.* ¶5.) Cichocki is a resident of Wisconsin and the owner and CEO of Honest REI. (*Id.* ¶6.)

Walker-Henry is, and has at all times relevant to this action been, the regular and sole user of her cell number, which is her personal residential number. (*Id.* ¶¶10–11.) In 2005, she registered her cell number with the DNCR and has since maintained her registration. (*Id.* ¶13.)

Beginning in 2024, Walker-Henry received at least three calls from Honest REI where Honest REI attempted to solicit her to sell her home. (*Id.* ¶¶14–15, 18, 46.) Honest REI did not identify itself in the calls, and Walker Henry did not recognize the sender, was not looking to sell her home, and had not previously interacted with Honest REI. (*Id.* ¶¶16, 19.) During one of the calls, Walker-Henry asked who the caller was, and the caller identified his or herself as "Mac" from Honest REI. (*Id.* ¶¶20–21.) "Mac" represented that Walker-Henry could verify the legitimacy of Honest REI by contacting Cichocki of "Stewart Title Company"—although Cichocki is the owner, manager, and CEO of Honest REI. (*Id.* ¶¶22–23.) Cichocki directed Honest REI to engage in telemarketing communications, including the calls to Walker-Henry. (*Id.* ¶42.)

Walker-Henry filed her initial complaint on December 5, 2024. (ECF No. 1.) After filing her suit, Honest REI contacted Walker-Henry to deny having anything to do with the communications and telephone numbers that called her. (ECF No. 8 ¶37.) Walker-Henry then subpoenaed the telecommunications providers that licensed the use of the number that called her and confirmed that Cichocki owned the telemarketing phone number at all relevant times. (*Id.* ¶¶38–39.) When Walker-Henry asked Honest REI about this, it ceased communications. (*Id.* ¶40.)

# LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir.

---

[1] These facts are derived from Walker-Henry's amended complaint, (ECF No. 8), which the Court deems admitted due to Defendants' default, Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

[2] The complaint does not allege where Honest REI's members are located. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533–34 (7th Cir. 2007) ("[T]he citizenship of an LLC is the citizenship of each of its members.").

2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). Under Rule 55(b)(2), however, the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983).

## ANALYSIS

Plaintiff invokes Section 227(c) of the TCPA to maintain that Defendants violated various regulations. (ECF No. 8 ¶¶82–99.)

"Voluminous consumer complaints about abuses of telephone technology . . . prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71 (2012). Section 227(c)(1) directed the Federal Communications Commission (FCC) to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." Pursuant to Section 227(c), the FCC established the DNCR. *See* §227(c)(2) ("The [FCC] . . . shall prescribe regulations to implement methods and procedures for protecting [] privacy rights . . . . ."); *see also* §227(c)(3) ("The regulations . . . may require the establishment and operation of a single national database to compile a list of telephone number of residential subscribers who object to receiving telephone solicitations . . . ."). Section 227(c)(5) further provides a private right of action by a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" under the section.

Plaintiff maintains that Honest REI violated 47 C.F.R. §64.1200(c)(2), one of Section 227(c)'s implementing regulations. (ECF No. 8 ¶¶83, 89–90.) That regulation provides that no person or entity shall initiate any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the" DNCR. 47 C.F.R. §64.1200(c)(2). Accordingly, the elements of such a claim are: (1) a residential telephone subscriber (2) received more than one telephonic solicitation (3) by or on behalf of the same entity (4) during a twelve-month period (5) to a number that the subscriber registered on the DNCR. 47 U.S.C. §227(c)(5); 47 U.S.C. §64.1200(c)(2); *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 347 (1st

Cir. 2022). Walker-Henry alleges that she is a residential telephone subscriber who received three calls from Honest REI within a twelve-month period, and that her number is registered on the DNCR. (ECF No. 1 (filed on December 5, 2024); ECF No. 8 ¶¶10–11, 13–15, 25.) Walker-Henry's factual allegations, on which Defendants defaulted, establish Honest REI's liability under Section 227(c) for violating 47 C.F.R. §64.1200(c)(2).

Walker-Henry also maintains that Honest REI violated 47 C.F.R. §64.1200(d)(4). (ECF No. 8 ¶¶95, 98–99.) Regulation §64.1200(d) requires businesses who engage in telemarketing to maintain do-not call lists for people who request not to be called for telemarketing purposes.[3] The regulations have a set of "minimum requirements," including that the business or entity making a call for telemarketing purposes must "[p]rovide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. §64.1200(d)(4). Walker-Henry's complaint alleges that Honest REI did not identify itself during the calls. (ECF No. 8 ¶19.) But she also alleges that, when asked, Honest REI provided additional information about the caller and the business. (*Id.* ¶¶20–23.) This allegation may have pled Walker-Henry out of court: although Honest REI did not *proactively* give the information, it did give it retroactively, and it is unclear whether the Regulation requires the information be given immediately. Regardless, because Walker-Henry concedes that she may only recover for one set of the alleged violations, (ECF No. 15 at 12 n.2 (citing *Noviello v. Adam Wines Consulting, LLC*, No. 3:22-cv-52-BN, 2023 WL 2776696, at *5–6 (N.D. Tex. Apr. 4, 2023)), the Court need not address this issue. Whether this claim has merit or not, Walker-Henry's remedy does not change.

Walker-Henry also seeks to hold Cichocki vicariously liable for Honest REI's violations of the TCPA. (ECF No. 15 at 6.) She is correct that the TCPA permits vicarious liability, *see Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 356–57 (7th Cir. 2020) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016)), but she misunderstands how it applies to LLCs. Vicarious liability refers to when a principal (generally an employer) is liable for the torts of an agent (generally an employee). *In re Aimster Copyright Lit.*, 334 F.3d 643, 654 (7th Cir. 2003).

---

[3] District courts are split on whether Regulation §64.1200(d) provides a private right of action. *See Robison v. 7PN, LLC*, 569 F.Supp.3d 1175, 1183–84 (D. Utah 2021) (collecting cases). Although the Seventh Circuit has yet to weigh in on the issue, this Court, the Sixth Circuit, and the Eleventh Circuit have all recognized a private right of action under Regulation §64.1200(d). *See Gill v. Align Tech. Inc.*, No. 21-cv-631-JPS-JPS, 2022 WL 1540016, at *2 (E.D. Wis. May 16, 2022). Based on this Court's prior rulings and Defendants' default, the Court will presume a private right of action exists.

Vicarious liability is not a basis for piercing the corporate veil. Cichocki is a member or manager of Honest REI, he is not in a principal/agent relationship with the limited liability company. Under Wisconsin law, the members and managers of an LLC are generally *not* vicariously liable for the LLC's actions or legal liabilities. Wis. Stat. §183.0304(1). Although Walker-Henry labels Cichocki as an "owner" and "CEO" instead of a member or manager, she does not address Wisconsin's limited liability statute or otherwise explain why the general rule does not apply. (*See* ECF No. 15 at 6–7.) Accordingly, the Court will deny her motion with respect to her attempt to impose liability on Cichocki based on the LLC's TCPA violations.

The remedy for a TCPA claim is "up to $500 in damages for each" violation. 47 U.S.C. §227(c)(5)(B). Walker-Henry alleges that Defendants violated the TCPA three times, an allegation presumed true for purposes of default judgment. (ECF No. 8 ¶¶14–15.) She seeks $500 in damages for each of the three calls. (ECF No. 15 at 12–13.) Walker-Henry also asks the Court to treble her damages and award $4,500 in total. (*Id.*) The Court may award treble damages if it finds that Defendants "willfully or knowingly violated" the TCPA. §227(c)(5)(C). The Seventh Circuit has not weighed in on how to interpret willful or knowing in the context of Section 227(c)(5). But district courts within this circuit have "generally interpreted [willful or knowing] to mean voluntary, intentional[] actions" and do not "require specific knowledge that the action constitutes a violation of the TCPA." *Hossfeld v. Allstate Ins. Co.*, 726 F.Supp.3d 852, 880 (N.D. Ill. 2024) (citations omitted) (collecting cases). The Court will adopt this interpretation. From Walker-Henry's complaint, it appears that three calls were made voluntarily and intentionally. Accordingly, the Court finds that Defendants willfully or knowingly violated the TCPA and that treble damages are appropriate. The Court will therefore award Walker-Henry $4,500 in damages.

Walker-Henry also invokes Federal Rule of Civil Procedure 54(d)(1) to recoup costs. (ECF No. 15 at 13.) In a signed affidavit from Walker-Henry's counsel, Walker-Henry asserts that she incurred costs of $600.19. (ECF No. 15-2 ¶10.) Walker-Henry requests $405.00 for the initial filing fee and $58.03 for service of the initial complaint. (*Id.* ¶¶6–7.) Walker-Henry also requests $137.16 for the two attempts needed to serve Cichocki. (*Id.* ¶¶8–9.) Federal Rule 54(d)(1) provides that costs be allowed to the prevailing party unless a federal statute, Rule of Civil Procedure, or court order provides otherwise. A prevailing party is "[t]he party ultimately prevailing when the matter is finally set to rest." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (citations omitted). Parties who win default judgment are considered prevailing parties. *See*

*McCabe v. Heid Music Co., Inc.*, No. 23-cv-1215-JPS, 2024 WL 2815321, at *1 (E.D. Wis. June 3, 2024). But Walker-Henry only secured a default judgment against Honest REI, not Cichocki. Accordingly, the Court will award costs to Walker-Henry for the filing of the complaint and service upon Honest REI (but not upon Cichocki). Finally, Walker-Henry seeks post-judgment interest pursuant to 28 U.S.C. §1961, (ECF No. 15 at 13), which the Court will provide for in the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Walker-Henry's motion for default judgment, ECF No. 15, be **GRANTED in part** and **DENIED in part**. Defendant Cichocki is dismissed. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant Honest REI in the sum of $4,963.03, including damages in the amount of $4,500 and costs in the amount of $463.03, together with post-judgment interest as provided by law.

Dated at Milwaukee, Wisconsin on March 3, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge